## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Dan Norberg and Susan Norberg, as co-trustees for the next of kin of Nickolas Daniel Norberg, Deceased, | Case No. 0:24-cv-02023-JMB-LIB |
| Plaintiffs, | **ANSWER AND AFFIRMATIVE DEFENSES OF DR. DANIEL FALVEY, M.D.** |
| v. | |
| CentraCare Health System d/b/a CentraCare – St. Cloud Hospital, The Saint Cloud Hospital d/b/a CentraCare – St. Cloud Hospital, CentraCare Clinic, Daniel Falvey, M.D. Catherine Standfuss, APRN, in her individual capacity, Sgt. Steven Polack, in his individual capacity, Makayla Epple, in her individual capacity, Micah Theis, in his individual capacity, and Stearns County, Minnesota, | |
| Defendants. | |

COMES NOW Defendant Daniel Falvey, M.D. ("Dr. Falvey"), and for his Answer and Affirmative Defenses to Plaintiffs' Complaint, hereby states and alleges as follows:

## **ANSWER**

1. Except as hereafter specifically admitted or qualified, Dr. Falvey denies each and every allegation of Plaintiffs' Complaint.

2. In response to Paragraph 1, Dr. Falvey states that he provided care to Nick Norberg as generally described in the medical records created by Dr. Falvey, subject to the

recollections and customary practice of the involved providers.  Dr. Falvey denies all other allegations in Paragraph 1 and puts Plaintiffs to their strict burden of proof.

## Parties

3. Dr. Falvey is without sufficient information to judge the truth of the allegations in Paragraphs 2-4 and thus denies the same.

4. The allegations in Paragraphs 5-8 are not directed at Dr. Falvey such that no response is required.  To the extent that a response is required, Dr. Falvey denies the allegations in Paragraphs 5-8.

5. The allegations in Paragraphs 9-11 are not directed at Dr. Falvey and contain legal conclusions such that no response is required.  To the extent that a response is required, Dr. Falvey denies the allegations in Paragraphs 9-11.

6. In response to the allegations in Paragraph 12, Dr. Falvey only states that he was and is a medical doctor licensed in Minnesota.  The remainder of Paragraph 12 contains legal conclusions to which no response is required. To the extent that a response is required, Dr. Falvey denies the remaining allegations in Paragraphs 12.

7. The allegations in Paragraphs 13-17 are not directed at Dr. Falvey and contain legal conclusions such that no response is required.  To the extent that a response is required, Dr. Falvey denies the allegations in Paragraphs 13-17.

## Jurisdiction and Venue

8. Dr. Falvey denies the allegations in Paragraphs 18-19 and reserves his right to challenge jurisdiction and venue.

**Factual Background**

A. **Overview of inhalant abuse and relevant medical principles.**

9. The allegations in Paragraphs 20-32 are not directed at Dr. Falvey such that no response is required. To the extent a response is required, Dr. Falvey denies the allegations in Paragraphs 20-32 and puts Plaintiffs to their strict burden of proof.

10. Paragraphs 33-43 contain legal conclusions and do not contain any specific allegations directed at Dr. Falvey such that no response is required. To the extent that a response is required, Dr. Falvey denies the allegations in Paragraphs 33-43 and puts Plaintiffs to their strict burden of proof.

B. **From September 16 – 18, 2022, Nick was admitted to the St. Cloud Hospital.**

11. Dr. Falvey is without sufficient information to determine the truth of the allegations in Paragraphs 44-51, and thus denies the same.

12. The allegations in Paragraph 52 are not directed at Dr. Falvey such that no response is required. To the extent a response is required, Dr. Falvey states that the allegations in Paragraph 52 are generalized and not specific to any patient, and thus Dr. Falvey denies the allegations in Paragraph 52.

13. Dr. Falvey is without sufficient information to determine the truth of the allegations in Paragraphs 53-57, and thus denies the same.

C. **Nick was arrested on October 16, 2022, and transported to CC Hospital.**

14. Dr. Falvey is without sufficient information to determine the truth of the allegations in Paragraphs 58-74, and thus denies the same.

15. In responses to the allegations in Paragraphs 75-81, Dr. Falvey states only that he provided care and treatment to Nick Norberg as generally described in the medical records created by Dr. Falvey, subject to the recollections and customary practice of the involved providers. Dr. Falvey denies all other allegations in Paragraphs 75-81 and puts Plaintiffs to their strict burden of proof.

16. In response to the allegations in Paragraph 82, Dr. Falvey states that he has not had the opportunity to review the referenced recording, and thus Dr. Falvey is not able to assess the truth of the allegations in Paragraph 82 and denies the same.

17. In response to the allegations in Paragraphs 83-95, Dr. Falvey states only that he provided care and treatment to Nick Norberg as generally described in the medical records created by Dr. Falvey, subject to the recollections and customary practice of the involved providers. Dr. Falvey denies all other allegations in Paragraphs 83-95 and puts Plaintiffs to their strict burden of proof.

18. Dr. Falvey denies the allegations in Paragraphs 96-100 and puts Plaintiffs to their strict burden of proof.

19. Dr. Falvey is without sufficient information to determine the truth of the allegations in Paragraphs 101-112, and thus denies the allegations in Paragraphs 101-126 and puts Plaintiffs to their strict burden of proof.

20. In response to the allegations in Paragraphs 113-115, Dr. Falvey states only that he provided care and treatment to Nick Norberg as generally described in the medical records created by Dr. Falvey, subject to the recollections and customary practice of the

involved providers. Dr. Falvey denies all other allegations in Paragraphs 113-115 and puts Plaintiffs to their strict burden of proof.

21. Dr. Falvey is without sufficient information to assess the truth of the allegations in Paragraphs 116-120, and thus Dr. Falvey denies the allegations in Paragraphs 116-120 and puts Plaintiffs to their strict burden of proof.

22. Dr. Falvey denies the allegations in Paragraphs 121-131 and puts Plaintiffs to their strict burden of proof.

**D. Jail Sgt. Polack and other Jail staff failed to fulfill mandated intake and screening obligations and booked Nick for detention with deliberate indifferent to Nick's serious medical needs.**

23. Dr. Falvey is without sufficient information to determine the truth of the allegations in Paragraphs 132-158, and thus denies the same.

**E. Upon placement in the cell, Nick immediately became increasingly ill and struggled to breathe.**

24. Dr. Falvey is without sufficient information to determine the truth of the allegations in Paragraphs 159-183, and thus denies the same.

**F. N.P. Standfuss acted with deliberate disregard toward Nick's objectively serious and obvious medical needs and violated the medical standard of care.**

25. Dr. Falvey is without sufficient information to determine the truth of the allegations in Paragraphs 184-200, and thus denies the same.

26. Paragraphs 201-203 contain a legal conclusion to which no response is required. To the extent a response is required, Dr. Falvey denies the allegations in Paragraphs 201-203 and puts Plaintiffs to their strict burden of proof.

27.     Dr. Falvey is without sufficient information to determine the truth of the allegations in Paragraphs 204-209, and thus denies the same.

28.     Paragraphs 210-213 contain a legal conclusion to which no response is required.  To the extent a response is required, Dr. Falvey denies the allegations in Paragraphs 210-213.

29.     Dr. Falvey is without sufficient information to determine the truth of the allegations in Paragraphs 214-217, and thus denies the same.

30.     Paragraph 218 contains a legal conclusion to which no response is required.  To the extent a response is required, Dr. Falvey denies the allegations in Paragraph 218.

31.     Dr. Falvey is without sufficient information to determine the truth of the allegations in Paragraph 219, and thus denies the same.

32.     Paragraphs 220-221 contain legal conclusions to which no response is required.  To the extent a response is required, Dr. Falvey denies the allegations in Paragraphs 220-221.

**G. Despite Nick's condition worsening, no one helped him, and Sgt. Polack—with deliberate indifference to Nick's serious medical needs—reduced Nick's monitoring just prior to his death.**

33.     Dr. Falvey is without sufficient information to determine the truth of the allegations in Paragraph 222-268, and thus denies the same.

34.     Dr. Falvey denies the allegations in Paragraph 269 and puts Plaintiffs to their strict burden of proof.

35.     Dr. Falvey states that he is without sufficient information to respond to the allegations in Paragraphs 270-272 and puts Plaintiffs to their strict burden of proof.

6

## Count I

36. In response to the allegations in Paragraph 273, Dr. Falvey hereby realleges and incorporates all prior paragraphs of this Answer.

37. The allegations in Paragraphs 274-287 are not directed at Dr. Falvey such that no response is required. To the extent that a response is required, Dr. Falvey denies the allegations in Paragraphs 274-287 and puts Plaintiffs to their strict burden of proof.

## Count II

38. In response to the allegations in Paragraph 288, Dr. Falvey hereby realleges and incorporates all prior paragraphs of this Answer.

39. Dr. Falvey denies the allegations in Paragraphs 289-300 and puts Plaintiffs to their strict burden of proof.

## Count III

40. In response to the allegations in Paragraph 301, Dr. Falvey hereby realleges and incorporates all prior paragraphs of this Answer.

41. The allegations in Paragraphs 302-310 are not directed at Dr. Falvey such that no response is required. To the extent that a response is required, Dr. Falvey denies the allegations in Paragraphs 302-310 and puts Plaintiffs to their strict burden of proof.

## Count IV

42. In response to the allegations in Paragraph 311, Dr. Falvey hereby realleges and incorporates all prior paragraphs of this Answer.

43. Dr. Falvey denies the allegations in Paragraphs 312-315 and put Plaintiffs to their strict burden of proof.

### Count V

44. In response to the allegations in Paragraph 316, Dr. Falvey hereby realleges and incorporates all prior paragraphs of this Answer.

45. The allegations in Paragraphs 317-322 are not directed at Dr. Falvey such that no response is required. To the extent that a response is required, Dr. Falvey denies the allegations in Paragraphs 317-322 and puts Plaintiffs to their strict burden of proof.

### Prayer for Relief

46. The "Prayer for Relief" portion of the Complaint contains no new allegations such that no response is warranted. To the extent that a response is necessary, Dr. Falvey denies the allegations and puts Plaintiffs to their strict burden of proof.

### Demand for Jury Trial

47. Dr. Falvey demands a trial by jury on all triable issues of fact in this case.

### AFFIRMATIVE DEFENSES

48. At all material times, Daniel Falvey, M.D., possessed and used that degree of skill and learning customarily possessed and used by similarly situated professionals under similarly situated circumstances.

49. Any action or inaction by Dr. Falvey was not a direct or proximate cause of injury to Nick Norberg and/or Plaintiffs.

50. Plaintiffs' claims may be barred, in whole or in part, by the doctrine of laches.

51. Plaintiffs' claimed damages, if any, are the result of pre-existing and/or subsequent medical conditions for which Dr. Falvey is not responsible.

52. Plaintiffs' claimed damages are the result of intervening and/or superseding events or actions of others, or resulted from a natural disease process or other force of nature, and were not directly or proximately caused by the actions or omissions of Dr. Falvey.

53. Plaintiffs' claimed damages occurred as a result of the fault or other conduct of third persons, corporations, or entities over whom Dr. Falvey had no control or right to control, and for whose conduct Dr. Falvey is not liable.

54. Plaintiff's injuries or damages, if any, were caused, contributed to, or brought about by Plaintiff's own intentional and/or negligent acts or the acts of others for whose actions Defendant is not legally responsible.

55. Plaintiff voluntarily assumed any risk inherent in the situation that gave rise to the Complaint.

56. Dr. Falvey is immune from liability under Minn. Stat. § 253B.23

57. Plaintiffs' claims are subject to Minnesota's expert review statute, Minn. Stat. § 145.682, and demand is made here for strict compliance therewith.

58. Plaintiffs have failed to state a claim upon which relief may be granted.

59. Plaintiffs' claims may be barred in whole or in part by the applicable statute of limitations.

60. Plaintiffs' claims may be barred by Nick Norberg's own contributory fault.

61. Dr. Falvey expressly reserves the right to amend this Answer by way of adding affirmative defenses, crossclaims, and/or third-party claims as additional facts are obtained through further investigation and discovery.

**WHEREFORE**, Daniel Falvey, M.D. requests that Plaintiffs take nothing by their causes of action and that their Complaint be dismissed in its entirety; and for such other and further relief as the Court deems just and proper.

Date: July 30, 2024                     **LARSON · KING, LLP**

By    *s/Kevin T. McCarthy*
Mark A. Solheim (213226)
Kevin T. McCarthy (0399327)
2800 Wells Fargo Place
30 E. Seventh Street
St. Paul, MN 55101
Tel: (651) 312-6500
Fax: (651) 312-6618
msolheim@larsonking.com
kmccarthy@larsonking.com

*Attorneys for Dr. Daniel Falvey, M.D.*